IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LEAH VINSON,** | * |
| Plaintiff | * |
| v. | * Case No.: RWT 10cv2703 |
| **BANK OF AMERICA, N.A., ET AL.,** | * |
| Defendants. | * |

## MEMORANDUM OPINION

On August 17, 2010, Plaintiff Leah Vinson ("Plaintiff") commenced an action in the Circuit Court for Prince George's County against Defendants Bank of America and BAC Home Loans Servicing asserting a myriad of federal and state law claims for: (1) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; (2) breach of a loan modification agreement; (3) violation of the Department of Housing and Urban Development ("HUD") regulations under 24 C.F.R. 203, *et. seq.*; (4) intentional misrepresentation; (5) negligence; (6) fraud based on violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; (7) defamation; and (8) promissory estoppel. *See* Compl. pp. 7-15, ECF No. 2. Plaintiff seeks an injunction prohibiting Defendants from foreclosing on Plaintiff's home "without first abiding by federal and state law," to enforce the terms of a negotiated loan modification agreement, and an award of actual and punitive damages in an amount "exceeding $75,000.00." *See id.* at pp. 15-16

On September 29, 2010, Defendants filed a Notice of Removal, asserting that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. *See* ECF No. 1. On November 10, 2010, Plaintiff, purportedly proceeding *pro se*, moved to remand the case to the Circuit Court

1

for Prince George's County on the grounds that (i) the amount in controversy is insufficient for diversity jurisdiction pursuant to 28 U.S.C. § 1332; (ii) the majority of Plaintiff's claims are state law claims; (iii) principles of judicial efficiency militate in favor of remand; and (iv) removal to federal court places on unfair burden on the Plaintiff because her counsel is not admitted to practice before this Court. *See* Pl.'s Mot. to Remand 1-2, ECF No. 11.

On November 29, 2010, Defendants filed a response in opposition to Plaintiff's Motion to Remand. ECF No. 12. In Defendants' opposition, they first argue that Plaintiff's Motion should be stricken or denied because, although allegedly proceeding *pro se*, Plaintiff's Motion to Remand was in fact "ghostwritten" by counsel. Defs' Opp'n to Pl.'s Mot. to Remand 2. Next, Defendants argue that Plaintiff's motion should be denied on the merits because both diversity and federal question jurisdiction exist and removal will not create an undue burden on Plaintiff. *See id.* Plaintiff replied on December 2, 2010 and attached as Exhibit 1 to her reply a copy of an Amended Complaint apparently filed by her counsel in the Circuit Court for Prince George's County on November 13, 2010. *See* ECF No. 13, Ex. 1. The Amended Complaint seeks damages of exactly $75,000 as opposed to an amount exceeding $75,000. *See id.*

## STANDARD OF REVIEW

Federal courts have removal jurisdiction over state court actions "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A district court has original jurisdiction over civil claims arising under federal law, 28 U.S.C. § 1331; over civil actions where the amount in controversy exceeds $75,000 and there is complete diversity, 28 U.S.C. § 1332(a); and over actions where the "putative state law claim has been totally subsumed by federal law." *Barbour v. Int'l Union*, 594 F.3d 315, 326 (4th Cir. 2010). The removing party has the burden of proving the existence of federal jurisdiction. *Id.; Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

**ANALYSIS**

As an initial matter, the Court declines Defendants' invitation to strike or disregard the arguments in Plaintiff's Motion to Remand on the grounds that it was seemingly ghostwritten by counsel. Although it appears that the degree of legal sophistication exhibited in the Motion to Remand is inconsistent with Plaintiff's other filings in this case and *is* consistent with filings made by counsel on her behalf in the Circuit Court for Prince George's County, Plaintiff maintains that she penned the motion and the Court need not decide this issue. The Court does, however, caution Plaintiff that pursuant to Local Rule 102(1)(a)(ii), "Attorneys who have prepared any documents which are submitted for filing by a *pro se* litigant must be members of the Bar of this Court and must sign the document . . ." D. Md. R. 102(1)(a(ii).

As to the merits of Plaintiff's Motion to Remand, the Court concludes that it possesses jurisdiction over this case and that neither the interests of judicial economy, nor fairness to the Plaintiff militate in favor of remand to the Circuit Court for Prince George's County. First, federal question jurisdiction clearly exists over the multiple federal claims asserted on the face of Plaintiff's Complaint. *See* 28 U.S.C. § 1331. The Court also possesses supplemental jurisdiction over the state-law claims arising out of the same set of facts. *See* 28 U.S.C. § 1367. As "master of the claim," Plaintiff was free to "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, by including federal claims in her Complaint, Plaintiff left herself "wide open to removal." *See e.g., 75-80 Props., LLC et al., v. Bd. of Cnty. Comm'r of Frederick Cnty., Md. et al.,* 09-cv-2977, 2010 WL 917635, at *6 (D.Md. 2010) (quoting *Dunlop v. City of New York,* No. 06-cv-433, 2006 WL 2853972, at *3 (S.D.N.Y. Oct 4, 2006)). The Court therefore possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Second, contrary to Plaintiff's assertions, this action is properly removable pursuant to this Court's diversity jurisdiction. Under § 1332, district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. Although Plaintiff concedes that the parties are completely diverse, she argues that the $75,000 threshold is not met because she purportedly amended her Complaint to seek exactly $75,000. *See* Pl.'s Mot. to Remand 2. Defendants contend that even if Plaintiff amended her Complaint to reduce the amount in controversy to exactly $75,000, such an amendment would not serve to defeat diversity jurisdiction. Defs' Opp'n to Mot. to Remand 5-6.

Defendants are correct. Diversity jurisdiction is determined based on the circumstances at the time the notice of removal is filed, "regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy." *Porsche Cars North America, Inc. v. Porsche.net,* 302 F.3d 248, 255-56 (4th Cir. 2002); *see also, e.g., Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 390 (1998) ("for purposes of removal jurisdiction, we are to look at the case as of the time it was filed in state court"); *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) (federal jurisdiction is fixed at the time the complaint or notice of removal is filed). Although Plaintiff apparently attempted to reduce the amount in controversy to exactly $75,000 by filing an Amended Complaint with the Circuit Court for Prince George's County on November 13, 2010, it is clear that, even putting aside the procedural deficiencies of this purported amendment, this attempt was made well after Defendants filed notice to remove the case to this Court on September 29, 2010. Accordingly, because the parties are admittedly diverse and the amount in controversy at the time of removal exceeded $75,000, this Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff argues that even if the court has jurisdiction over this case, an abstention-based remand is warranted. *See* Pl.'s Mot. to Remand 5. The Supreme Court has repeatedly instructed that courts have "a virtually unflagging obligation to exercise their jurisdiction…" *Deakins v. Monaghan*, 484 U.S. 193, 203 (1988) (internal quotation marks omitted); *See also Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007) ("federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress") (internal quotation marks omitted); *In re Mills*, 287 Fed. Appx. 273, 278 (4th Cir. 2008) ("possessing federal-question jurisdiction, the district court was obliged to exercise it; it had no authority to decide the case simply because it believed that it would be better for the case to proceed in state court"). As discussed above, the Court clearly possesses federal question and diversity jurisdiction and the Court has little trouble concluding that declining to exercise its jurisdiction would be improper in this case.

Plaintiff's primary argument in favor of remand is that the Court's exercise of jurisdiction "would ultimately interfere with the State's complete jurisdiction over foreclosure matters." Pl.'s Mot. to Remand 5. However, Plaintiff admits that a foreclosure matter is not pending in State Court. *See id*. Given Plaintiff's admission that "another matter is not pending is [sic] State court," *see id.*, her argument for remand on these grounds is speculative at best.

Plaintiff's assertion that it would be an "undue and unnecessary burden" on her to litigate in this Court is similarly unconvincing. Pl.'s Mot. to Remand 7. Plaintiff's only explanation in support of this claim is that her preferred counsel would "spend considerable time and money in becoming a member" of the federal bar. *Id.* The Court rejects this argument out of hand. As multiple courts have recognized, a "district court simply does not have the power to remand a case to a state . . . court for the convenience of counsel." *Barksdale v. Washington Metro. Area*

*Transit Auth.*, 512 F.3d 712 (D.C. Cir 2008); *In re Mills*, 287 Fed. Appx. at 278 (same).  Thus, Plaintiff's self-stylized fairness and convenience arguments lack merit.

In sum, the Court concludes that it possesses subject matter jurisdiction and that declining to exercise its jurisdiction would be improper in this case.  Accordingly, the Court will, by separate order, deny Plaintiffs Motion to Remand [ECF No. 11].


April 1, 2011                                                             /s/ _____
                                                                    Roger W. Titus
                                                                    United States District Court Judge